UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Edward Turner, #59788-019, ) | C/A No. 9:11-00927-HFF-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| United States; Department of Justice; and ) | |
| Internal Revenue Service, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner Daniel Edward Turner, proceeding *pro se*, filed the instant action in the United States District Court for the Northern District of Georgia, Gainesville Division, seeking habeas relief pursuant to 28 U.S.C. § 2241. Petitioner claims he was "tricked" into representing himself in his federal criminal case and "entered a plea without lawful jurisdiction to do so." ECF No. 1, pages 5-6. Petitioner seeks an "order from this Honorable Court that his arrest and incarceration were unlawful." *Id.* at 8.

Petitioner is a federal prisoner at FCI- Edgefield, a facility of the Federal Bureau of Prisons in South Carolina, where he is serving a 46 month sentence for tax fraud. Therefore, Plaintiff's case was transferred to this Court by Order issued on April 19, 2011.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case pursuant to the procedural provisions of the Anti-



Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

Even when considered under this less stringent standard, however, this Court is charged with screening the petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Such is the case here. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F2d 387 (4th Cir. 1990).

## BACKGROUND

Petitioner was convicted on March 5, 2009 on tax fraud charges, after a jury trial in the United States District Court for the Northern District of Georgia ("sentencing court"). *United States v. Turner*, No. 2:08-CR-00018-RWS-SSC (N.D.Ga. filed April 8, 2008). Petitioner was sentenced June 19, 2009 to 46 months imprisonment, with a concurrent 36 month sentence, and 60 months supervised release, in addition to fines and restitution. *Id*. The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") affirmed his convictions and sentences on

2



direct appeal. *United States v. Turner*, No. 09-13181, 2010 WL 395625 (11th Cir. February 5, 2010).

Petitioner apparently has not filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the sentencing court.[1]  Rather, he has filed this Petition pursuant to 28 U.S.C. § 2241 seeking release from custody based on his claim that the sentencing court lacked jurisdiction to accept his plea because Plaintiff was "forced to involuntarily agree to represent himself." ECF No. 1, pages 5-6.

## DISCUSSION

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*)). Section 2255 states:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or <u>that the court was without jurisdiction to impose such sentence</u>, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a)(emphasis added).  In his § 2241 habeas petition, Petitioner claims the sentencing court lacked jurisdiction to convict and sentence him.  Therefore, Petitioner is challenging his federal conviction and sentence, an issue that should be determined by the sentencing court

---

[1] The Order transferring this case specifically states that the sentencing court did not construe the instant § 2241 habeas petition as a 28 U.S.C. § 2255 motion to vacate. *See* ECF No. 3, page 1.

3



through the filing of a § 2255 motion, rather than through a § 2241 habeas petition in this Court, the district where Petitioner is confined.

A petition under § 2241 is available for a federal prisoner to collaterally attack his sentence only when a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under § 2255's "savings clause",

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e)(emphasis added). Hence, since it appears Petitioner has failed to file a § 2255 motion in the sentencing court, *United States v. Turner*, No. 2:08-CR-00018-RWS-SSC (N.D.Ga. filed April 8, 2008), this Court is prohibited from considering this § 2241 petition unless Petitioner can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.

The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. A contrary rule would effectively nullify the gatekeeping provisions." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Thus, Petitioner's failure to seek relief under § 2255 in the sentencing court does not render that statute inadequate or ineffective to test the legality of his conviction. Rather, to trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of



4

which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-34. Petitioner's claim does not fall under these criteria, and is therefore insufficient to invoke the savings clause embodied in § 2255. As such, he is barred from proceeding under § 2241 and this petition should be dismissed.

Finally, it is noted that Petitioner has another pending § 2241 action in this Court. *See Turner v. United States*, C/A No. 9:10-3102-HFF (D.S.C. filed Dec. 7, 2010); s*ee also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *see Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). Thus, to the extent this case duplicates the issues raised in Petitioner's pending habeas action, it should also be dismissed in the interest of judicial economy and efficiency.

## RECOMMENDATION

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response by Respondents.

**Petitioner's attention is directed to the important notice on the next page**.

_____

May 5, 2011                                                                Bristow Marchant
Charleston, South Carolina                                     United States Magistrate Judge



### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

